UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHUJUN TONG,

    Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

NO. C18-0320RSL

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Plaintiff Shujun Tong's Motion for Partial Summary Judgment re: Underinsured Motorist Coverage." Dkt. # 10. Plaintiff seeks a summary determination that she is entitled to underinsured motorist benefits under a State Farm insurance policy issued to Yang Lin because she was a "Resident Relative" at the time of the accident and is therefore entitled to coverage under the policy. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 1

fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

In her moving papers, plaintiff failed to satisfy her initial burden of demonstrating that there are no disputed issues of material fact. For purposes of underinsured motorist coverage, the term "insured" includes "resident relatives," who are defined as "a person . . . who resides primarily with the first person shown as a named insured on the Declarations Page and who is . . . related to that named insured . . . by blood." Dkt. # 10-2 at 11. Plaintiff offers no evidence regarding her relationship to the insured or her residence[1] other than a police report. The report is

---

[1] Despite plaintiff's protestations to the contrary, these issues are disputes of fact, not law.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 2

not, however, admissible to prove the truth of the out-of-court statements recorded therein. Even if it were considered as evidence that plaintiff and the insured are related and/or that plaintiff used the insured's address on the date of the accident, the evidence would not give rise to an inference that the Redmond address was plaintiff's primary residence.[2] Plaintiff provided no declarations from her or the insured, no evidence regarding the length of plaintiff's stay in the United States, no evidence regarding the terms of her admission into the country, and no historical or prospective information as evidence of plaintiff's past or future travel activities and residency plans. In short, plaintiff provided no information from which the Court could reasonably conclude, as a matter of law, that plaintiff "resides primarily with" the named insured even if the police report were admissible evidence on that issue.[3]

---

[2] The Court rejects plaintiff's contention that "if Plaintiff Tong had the same address in the United States as her biological daughter" on the date of the accident, she is a resident relative under the policy. Dkt. # 13 at 3. Such an interpretation of the policy language, which would make dispositive wherever plaintiff spent the night on a particular day, unreasonable. "Primary" requires a comparison of all other potential residences and a determination of which is most important and/or of the longest duration. Winder v. State Farm, 2017 WL 4767693, at * 3 (E.D. Wash. Oct. 20, 2017). The fact that plaintiff was staying at Yang Lin's home on the date of the accident is not dispositive.

[3] State Farm, in response, provided evidence regarding the limits of plaintiff's admission to the United States and the duration of her stay in and around the time of the accident and in 2015. It requested summary judgment in its favor, but did not properly note the cross-motion on the Court's calendar. Plaintiff, in reply, offered declarations showing that plaintiff spent one month residing with the insured in 2013, three months in 2014, one month in 2015, almost five months in 2016, almost three months in 2017, and a little more than two months in 2018. State Farm objected to the information.
   The Court declines to consider State Farm's cross-motion or the evidence first submitted in reply. The Court notes, however, that the evidence provided by the parties does not support plaintiff's claim that she "resides primarily with" the insured given that she spent the majority (and in some cases the vast majority) of her time elsewhere. Whether the Court can make a determination regarding plaintiff's primary residence during the policy period as a matter of law must await a properly noted and supported motion.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 3

For all of the foregoing reasons, plaintiff's motion for partial summary judgment is DENIED.

Dated this 7th day of August, 2018.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 4